UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ELIZABETH ORTEGA, an individual, | NO. CIV. 2:11-1921 WBS GGH |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO STRIKE |
| v. | |
| HOME DEPOT U.S.A., INC. a corporation, FADY JABEILA, an individual and DOES 1 through 100, inclusive, | |
| Defendants. | |

----oo0oo----

        Plaintiff Elizabeth Ortega brought this action against defendants Home Depot U.S.A., Inc. ("Home Depot") and Fady Jabeila, arising from defendants' allegedly discriminatory employment practices.  Presently before the court is Home Depot's motion to strike plaintiff's untimely demand for jury trial.

I.    Factual and Procedural Background

        On April 13, 2011, plaintiff brought this action

1

alleging sexual discrimination, breach of contract, and unlawful termination in state court. (Choi Decl. Ex. A (Docket No. 2).) The Complaint does not demand a jury trial. (Id.) Home Depot answered the Complaint on June 16, 2011. (Id. Ex. F.) Plaintiff dismissed defendant Jabeila on July 15, 2011. (Id. Ex. I.)

On July 22, 2011, Home Depot removed this action to federal court based on diversity jurisdiction. (Docket No. 3.)

On October 31, 2011, the parties submitted a Joint Rule 26(f) Status Report. (Docket No. 6.) Plaintiff did not request a jury trial in the Joint Status Report. On November 3, 2011, the court issued a Status Order setting a bench trial for May 21, 2013. (Status Order at 4:15-17 (Docket No. 7).)

On November 8, 2011, plaintiff filed her demand for a jury trial pursuant to Federal Rule of Civil Procedure 81(c)(3)(A). (Docket No. 8.) Home Depot now requests that the court strike plaintiff's jury demand on the ground that it is untimely. (Mot. to Strike (Docket No. 9).)

II. Discussion

    A.   Plaintiff's Jury Demand is Untimely

Pursuant to Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue triable by a jury by serving the other parties with a written demand "no later than fourteen days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b).[1]  A party waives the right to a

---

[1] The language of Rules 38, 39, and 81 was amended in 2007 "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. P. 38, 39 & 81 advisory committee notes. These changes to the rules' wording

2

jury trial under Rule 38 unless the demand is properly served and filed.  See id.; Solis v. Cnty. of Los Angeles, 514 F.3d 946, 953-54 (9th Cir. 2008).

When a case is removed from state court, Rule 81 states that "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal."  Fed. R. Civ. P. 81(c)(3)(A).  Rule 81 also provides that, if the initial pleadings served and filed at the time of removal do not include a jury demand, a party desiring a jury trial must file a demand within fourteen days after being served with the notice of removal.  Fed. R. Civ. P. 81(c)(3)(B)(ii).

Plaintiff did not demand a jury trial in the Complaint that she filed in state court, nor did she file a demand within fourteen days after being served with notice of removal.  Instead, plaintiff waited more than three months before filing her untimely demand for a jury trial.

Plaintiff argues that her demand for jury trial was timely under Rule 81(c), which states that "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time."  Fed. R. Civ. P. 81(c)(3)(A). Plaintiff claims that demand for a jury trial was not required until the district court issued its status order because

---

were "intended to be stylistic only," id., and have no effect on the applicability of substantive Ninth Circuit caselaw.  In 2009, the times set in the rules as ten days were revised to fourteen days to reflect Rule 6's simplified deadline computation procedures.  See Fed. R. Civ. P. 6, 38, 39 & 81 advisory committee notes.

California does not require an express demand for a jury trial and there was no state law demand requirement prior to removal of plaintiff's suit.

Plaintiff cites <u>Cascone v. Ortho Pharmaceutical Corp.</u>, 702 F.2d 389 (2d Cir. 1983), for the proposition that "where state law does not require the parties to expressly claim trial by jury, the state from which the case is removed acts on presumption that the parties desire a jury unless they affirmatively indicate otherwise." (Resp. to Def.'s Mot. to Strike at 2:19-21.) While the court does not disagree with this characterization of the holding in <u>Cascone</u>, plaintiff fails to offer any authority to support her argument that California state civil procedure does not require an express demand to preserve the right to a jury trial. The Ninth Circuit, however, has held that California is an express demand state. <u>Lewis v. Time Inc.</u>, 710 F.2d 549, 556 (9th Cir. 1983) ("Under California law, a litigant waives trial by jury by, <u>inter alia</u>, failing to 'announce that one is required' when the trial is set. We understand that to mean an 'express demand' is required." (quoting Cal. Civ. Proc. Code § 631)) <u>overruled on other grounds by</u> <u>Unelko Corp. v. Rooney</u>, 912 F.2d 1049, 1052-53 (9th Cir. 1990).[2] Thus, in California, jury demand is required under Rule

---

[2] Since <u>Lewis</u>, the California jury demand statute was amended in 2002 to add the following subsection: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (d)." Cal. Code Civ. Proc. Code § 631(a). Despite this addition, courts have continued to apply the holding from <u>Lewis</u> that California is an express demand state. <u>See, e.g.</u>, <u>Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of Am.</u>,

4

81 within fourteen days of removal. As plaintiff failed to demand a jury trial within fourteen days of removal, her jury demand is untimely.

Plaintiff also argues that her jury demand was timely because, prior to her case being removed, plaintiff was not required to request a jury trial. (Resp. to Def.'s Mot. to Strike at 2:24-28.) Under California Code of Civil Procedure section 631, a party's jury demand is not required until the case is set for trial. Cal. Code Civ. Proc. § 631(d)(4). Prior to removal, the present case had not been set for trial. (Resp. to Def.'s Mot. to Strike at 2:24-28.) Plaintiff therefore argues that she was not obligated to affirmatively demand a jury trial under Rule 81(c).

"Rule 81(c) precludes the requirement of a jury demand in federal court 'only where the case automatically would have been set for jury trial in the court from which it is removed, without the necessity for <u>any</u> action on the part of the party desiring jury trial.'" <u>Wave House Belmont Park</u>, 244 F.R.D. at 612 (quoting <u>Bonney v. Canadian Nat'l Ry. Co.</u>, 100 F.R.D. 388, 392 (D. Me. 1966)). "That description does not fit California's statute, where a party must affirmatively demand a jury trial when the matter is set for trial or else waive the right to a jury trial." <u>Id.</u> In light of the affirmative action required to obtain a jury trial under California law, the court in <u>Wave House Belmont Park</u> rejected plaintiff's argument that it did not need

---

244 F.R.D. 608, 612 (S.D. Cal. 2007) (finding that "even after the 2002 amendments referencing the right to trial by jury in the California Constitution, California continues to require an 'express demand' of a jury trial").

5

to demand a jury trial under Rule 81(c) because it had not yet waived its right to a jury trial in state court. <u>Id.</u> This finding is consistent with Ninth Circuit precedent that California is a demand state and that parties must comply with Rule 81(c), <u>see</u> <u>Lewis</u>, 710 F.2d at 556, given that this exception would otherwise apply to all removed proceedings because removal after trial is set in state court is untimely.

The application of Rule 81(c) does not vary based on the stage of litigation in state court at the time of removal, but rather on whether the state requires an express demand to preserve the party's right to a jury trial. As California requires an express demand, it is irrelevant that plaintiff had not yet waived her right to a jury trial in state court when the case was removed. Plaintiff was obligated under the federal rules to file her demand for a jury trial within fourteen days of removal and she failed to do so.

B.   <u>Jury Demand Pursuant to Rule 39(b)</u>

If plaintiff's demand is found to be untimely, plaintiff argues that the court should alternatively treat her demand for a jury trial as a motion for jury trial pursuant to Rule 39(b). When a party fails to demand a jury trial within fourteen days of removal, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

The Ninth Circuit has severely constrained the court's discretion under Rule 39(b). The district court's discretion "is narrowly construed and 'does not permit a court to grant relief when the failure to make a timely demand results from an

6

oversight or inadvertence.'"  Shoals v. Home Depot, Inc., 422 F. Supp. 2d 1183, 1192 (E.D. Cal. 2006) (quoting Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., 239 F.3d 1000, 1002 (9th Cir. 2001)); see also Lewis, 710 F.2d at 556-57.  Thus, a party's untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown.  See Russ v. Standard Ins. Co., 120 F.3d 988, 989-90 (9th Cir. 1997) (holding that the district court could not employ another rule to circumvent the Ninth Circuit's prohibition on granting untimely jury demands where a party's tardiness was due to inadvertence); Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68, 71 (9th Cir. 1996) (denying untimely jury demand when delay was due to counsel's oversight and inadvertence); Wall v. Nat'l R.R. Passenger Corp., 718 F.2d 906, 910 (9th Cir. 1983) (holding district court's denial of untimely jury demand was not an abuse of discretion where counsel's inadvertence was the only reason shown).

     The only reason plaintiff gives for her failure to timely file her demand for a jury trial is that plaintiff's counsel was unfamiliar with the Federal Rule's jury demand requirements.  (Snider Decl. ¶¶ 9-10 (Docket No. 10-1).) Plaintiff's counsel's failure to understand the filing requirements under Rules 38 and 81 is a "legal mistake," which the Ninth Circuit has held "does not broaden the district court's narrow discretion to grant the demand."  Pac. Fisheries Corp., 239 F.3d at 1003 (holding that counsel's misinterpretation of Rule 81's requirements constituted inadvertence or oversight and therefore the jury demand was untimely); see also Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 905 (9th Cir. 1982)

7

(upholding district court's denial of untimely jury demand where plaintiff's counsel was unfamiliar with the federal rules and mistakenly believed that no demand was necessary under Rule 81(c)); Hansen v. Safeway Inc., No. C 10-0377, 2010 WL 2593611, at *3 (N.D. Cal. June 22, 2010).

It appears therefore that, under Ninth Circuit precedent, it would not be an appropriate exercise of the court's discretion to grant plaintiff leave to file an untimely jury demand. Accordingly, the court will grant Home Depot's motion to strike plaintiff's untimely demand for a jury trial.

C.  Use of an Advisory Jury

Rather than allowing an untimely filed jury demand, the court will exercise its discretion to impanel an advisory jury pursuant to Federal Rule of Civil Procedure 39(c) to render an advisory verdict. Rule 39(c) provides that: "In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury . . . ." Fed. R. Civ. P. 39(c). Because plaintiff's jury demand was untimely and thus deemed waived, Fed. R. Civ. P. 39(d), this action is no longer "triable of right by a jury" and the court has the discretion to impanel an advisory jury.

The court exercises its discretion to impanel an advisory jury for several reasons. First, the advice of a jury would be of particular assistance given the nature of the action as one regarding employment discrimination. By the very nature of our job, judges tend to become isolated from the rest of the community. Our ethics tend to limit the persons with whom we can associate and the activities in which we can engage. The demands

8

of our workload tend to confine us to our chambers and our courtrooms a disproportionate percentage of the time. We no longer have to interact, as we once did, with supervisors and fellow employees in the workplace. Conduct which may have been commonplace and generally accepted in the workplace in past years, with which we are most familiar, may have become unacceptable, or even intolerable, by contemporary standards.

Jurors, on the other hand, selected at random from a cross section of the community, can be expected to be more in touch with the expectations of employees in the modern working environment. A crucial question the trier of fact will have to answer in this case is whether a "reasonable woman" in the plaintiff's circumstances would consider the working environment to be sexually abusive and hostile. Who is better qualified to answer that question: a male judge, whose background and experience give him no more insight into the expectations of a reasonable person, much less a reasonable woman, than anyone else; or a randomly selected jury consisting of men and women from the community? The answer should be obvious. The court would benefit from the advice of a jury.

Additionally, the use of an advisory jury will not substantially increase the amount of time it will take for the court to hear this case. Nor will the use of an advisory jury prejudice Home Depot as the court will remain responsible for making its own independent determination that is subject to appellate review.

IT IS THEREFORE ORDERED that defendant's motion to strike plaintiff's untimely demand for a jury trial be, and the

1 | same hereby is, GRANTED.
2 |     IT IS FURTHER ORDERED that plaintiff's claims will be
3 | heard by the court, sitting with an advisory jury pursuant to
4 | Federal Rule of Civil Procedure 39(c).
5 | DATED:  January 9, 2012

                WILLIAM B. SHUBB
                UNITED STATES DISTRICT JUDGE